UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSUE CRUZ,<br>  Plaintiff,<br><br>v.<br><br>DOROZCO, et al.,<br>  Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 3:20-cv-1435 (MPS)<br><br><br><br><br>MAY 25, 2021 |

_____

**RULING AND ORDER**

Plaintiff Josue Cruz, incarcerated at the Mac-Dougall-Walker Correctional Institution in Suffield, Connecticut, sought to proceed *in forma pauperism* pursuant to 28 U.S.C. § 1915 in this civil rights action. On April 27, 2021, the Court denied the plaintiff's motion to proceed *in forma pauperis* because his inmate trust account statement showed a spendable balance of $1,461.01.

On May 11, 2021, the plaintiff filed a letter seeking to be excused from paying the filing fee. The plaintiff states that he filed this lawsuit before he received the $1,400.00 stimulus check and that he sent $800.00 to his mother to purchase clothes for his daughters. *See* ECF No. 16. The Court construes this letter as a motion for reconsideration of the denial of *in forma pauperis* status. For the reasons that follow, the motion is denied.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This District's Local Rule states that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and requires that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1. "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

The plaintiff's case was dismissed on January 15, 2021 because he failed to comply with court orders. He did not contact the court regarding the dismissal for over two months. On March 30, 2021, the Court informed the plaintiff that he could file a motion to reopen accompanied by a complete motion to proceed *in forma pauperis*. The plaintiff filed an amended complaint and a motion to proceed *in forma pauperis* on April 21, 2021, without the required motion to reopen. Regardless, the Court reopened the case and, on April 27, 2021, denied the plaintiff's motion to proceed *in forma pauperis*.

Title 28, section 1915(a)(2) provides that the inmate account statement show activity for the six-month period immediately preceding the filing of the complaint. Courts have permitted plaintiffs to reopen cases by submitting an account statement showing transactions during the six months preceding the filing of the original complaint. In those cases, however, the order provides a short period of time, usually no longer than thirty days, within which to file a motion

to reopen with corrected documents. Indeed, in the January 15, 2021 order dismissing this case, the plaintiff was given until February 4, 2021, to file a motion to reopen and corrected documents. *See* ECF No. 8. The plaintiff did not comply with that order or seek an extension of time within which to do so. Instead, he filed his motion to proceed *in forma pauperis* and amended complaint on April 21, 2021, over three months after the case was dismissed. Thus, the Court considered the plaintiff's account balances during the six months preceding the reopening of the case. *See, e.g., Humphreys v. Martinez*, No. 20-cv-00357-HSG, 2020 WL 2041970, at *3 (N.D. Cal. Apr. 28, 2020) (dismissing complaint for failure to file complete motion to proceed *in forma pauperis* and informing plaintiff that to reopen case he must submit motion to proceed *in forma pauperis* accompanied by inmate account statement showing transactions for "the last six months"); *Brown v. New Jersey Dep't of Corr.*, Civil Action No. 12-5069(NLH), 2014 WL 4978579, at *4 (D.N.J. Oct. 3, 2014) ("Any application to reopen must also be accompanied by a complete application for leave to proceed *in forma pauperis,* including certified institutional account statements for the six-month period preceding the submission of the application to re-open."). Any request for reconsideration based on consideration of transactions dated after the filing of the original complaint is denied.

All litigants must make decisions about how to spend their money when they are contemplating litigation. "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the in forma pauperis review would be a waste of time and effort." *Briand v. State of Fla.*, No. 4:06cv104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a

civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

The Second Circuit has denied a motion to proceed *in forma pauperis* on appeal and affirmed the denial of the motion to proceed *in forma pauperis* in the district court and the dismissal of the district court case with prejudice where the inmate omitted from his application to proceed *in forma pauperis* $2,509.10 in deposits to his inmate account even though he was an experienced litigator familiar with the *in forma pauperis* process and did not "credibly explain or correct his declarations when given an opportunity to do so." *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 115-16 (2d Cir. 2012).  District courts also deny *in forma pauperis* status under similar circumstances.  *See Waters v. King*, 11 Civ. 3267, 2012 WL 1889144, at *1 (S.D.N.Y. May 24, 2012) ("Given the totality of the circumstances in this case- including, but not limited to, Waters's deliberate attempt to conceal funds to qualify for IFP status in the first instance [by failing to disclose that he had deposited [$600.00] settlement payment received three weeks before filing IFP into credit union account rather than inmate account] and his blatantly false statements to the Court when confronted with the omission-dismissal under Section 1915(e)(2)(A) is justified."); *Vann v. Horn*, No. 10 CV. 6777 PKC, 2011 WL 3501880, at *3-4 (S.D.N.Y. Aug. 9, 2011) (omission in application to proceed *in forma pauperis* of receipt of over $10,000.00 as a settlement payment and transfer of payment to relatives approximately three months prior to filing application constituted bad faith misrepresentation of assets and warranted dismissal of case with prejudice); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004) (dismissing action with prejudice because plaintiff "created an illusion of poverty through a series of deceptive acts"; she

4

deliberately concealed her finances and available assets in her motion to proceed *in forma pauperis* by directing attorneys to send $13,500.00 in settlement payments to her mother and by prohibiting deposits to her prison account in order "to convey the impression that she could not pay the filing fee"); *see also, Martin v. United States*, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of *in forma pauperis* application where district court found that prisoner had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation").

While the circumstances in this case are not as egregious as in the cited cases, during the month of April 2021, the plaintiff received $1,500.00, spent nearly $300.00 in the commissary, and sent $800.00 to his mother, leaving him with a spendable balance of $361.49. The plaintiff had sufficient funds to pay the filing fee in this case but chose to spend those funds on other things to render himself eligible for *in forma pauperis* status. This is not the proper use of the *in forma pauperis* statute. *See Vann*, 496 F. App'x 115 ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth.'") (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam)).

The plaintiff's request for reconsideration [**ECF No. 16**] is **DENIED**. The Court notes that the amended complaint will be deemed received by the court on April 21, 2021, so long as the filing fee is submitted within the time allotted by this order. Accordingly, all further proceedings in the matter shall be held in abeyance for **thirty (30) days** pending the plaintiff's delivery of the filing fee in the amount of $402.00 (money order or bank check made payable to

the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604. Failure to tender the filing fee within thirty days of this order will result in the dismissal of this action.

      **SO ORDERED** this 25th day of May 2021 at Hartford, Connecticut.

/s/
———————————
Michael P. Shea
United States District Judge
